`AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

**FILED**

SEP 2 4 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | (For Offenses Committed On or After November 1, 1987) |
| CAMBRIDGE INTERNATIONAL SYSTEMS, INC. (1) | Case Number:  3:24-CR-00759-TWR |

Claire J. Rauscher
Defendant's Attorney

**USM Number**

☐  –

THE DEFENDANT:

☒  pleaded guilty to count(s)   1 of the Information

☐  was found guilty on count(s)   _____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371: 18:981(a)(1)(C), 28:2461(c) - Conspiracy; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through     **5**     of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)   _____

☐  Count(s)   _____   is   dismissed on the motion of the United States.

☒  Assessment: $400.00 imposed

–

☐  JVTA Assessment*: $

-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☐  No fine   ☒  Forfeiture pursuant to order filed     4/25/2024     , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

September 24, 2024
Date of Imposition of Sentence

HON. TODD W. ROBINSON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | Cambridge International Systems, Inc. (1) | Judgment - Page **2** of **5** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-00759-TWR | |

## PROBATION

The defendant is hereby sentenced to probation for a term of:
2 years

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.

   ☒ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☒ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☐ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)
8. The defendant must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, the defendant must pay in accordance with the Fine sheet of this judgment.
10. The defendant must notify the court of any material change in their economic circumstances that might affect their ability to pay restitution, fines, or special assessments.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

` AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| DEFENDANT: | Cambridge International Systems, Inc. (1) | Judgment - Page **3** of **5** |
|---|---|---|
| CASE NUMBER: | 3:24-CR-00759-TWR | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's probation, the defendant must comply with the following standard conditions of supervision. These conditions are imposed  because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1. The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3. The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4. The defendant must answer truthfully the questions asked by their probation officer.

5. The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7. The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | Cambridge International Systems, Inc. (1) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:24-CR-00759-TWR | |

## SPECIAL CONDITIONS OF SUPERVISION

1. Pursuant to 18 U.S.C. § 3563(a)(1), any sentence of probation shall include the condition that the organization not commit another federal, state, or local crime during the term of probation.

2. The organization shall notify the court or probation officer immediately upon learning of (A) any material adverse change in its business or financial condition or prospects, or (B) the commencement of any bankruptcy proceeding, major civil litigation, criminal prosecution, or administrative proceeding against the organization, or any investigation or formal inquiry by governmental authorities regarding the organization.

3. The organization shall submit to: (A) a reasonable number of regular or unannounced examinations of its books and records at appropriate business premises by the probation officer or experts engaged by the court; and (B) interrogation of knowledgeable individuals within the organization. Compensation to and costs of any experts engaged by the court shall be paid by the organization.

4. Cambridge International Systems, Inc. shall set-up a Trust Fund for the benefit and use of the family of slain retired Colombian Air Force pilot and Cambridge employee, Gustavo Adolfo Sanchz Aguirre, in the amount of $250,000.00. Cambridge counsel, Womble Bond Dickinson (US) LLP, shall provide documentation to the United States Probation Office for the Southern District of California to confirm establishment and funding of the Trust. The Trust will be funded as follows; During year one, from October 1, 2024, to September 90, 2025, the amount of $75,000.00 shall be deposited. During year two, from October 1, 2025, to September 90, 2026, the amount of $175,000.00 shall be deposited.

5. The United States Attorney's Office for the Southern District of California will confirm with the United States Department of Health and Human Services that Cambridge's voluntary disclosure concerning Gutierrez has been resolved based on the Gutierrez plea agreement.

//

AO 245S (CASD Rev. 08/13) Judgment in a Criminal Case

DEFENDANT: CAMBRIDGE INTERNATIONAL SYSTEMS, INC.                    Judgment - Page 5 of 5
  CASE NUMBER: 3:24-CR-00759-TWR

### FINE

The defendant shall pay a fine in the amount of      $ 2,250,000.00            unto the United States of America.

Pay a fine in the amount of $   2,250,000.00   through the Clerk, U. S. District Court.
These payment schedules do not foreclose the United States from exercising all legal actions, remedies, and process available to it to collect the fine judgment at any time. Until fine has been paid, the defendant shall notify the Clerk of the Court and the United States Attorney's Office of any change in the defendant's mailing or residence address, no later than thirty (30) days after the change occurs.

This sum shall be paid under the following payment schedule:

Year 1: 10/1/2024 to 9/30/2025 - $84,500.00
Year 2: 10/1/2025 to 9/30/2026 - $84,500.00
Year 3: 10/1/2026 to 9/30/2027 - $500,00.00
Year 4: 10/1/2027 to 9/30/2028 - $725,00.00
Year 5: 10/1/2028 to 9/30/2029 - $856,00.00


The Court has determined that the defendant      does not      have the ability to pay interest. It is ordered that:

☒    The interest requirement is waived

CASE NO.

**FILED**

APR 2 5 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,            Case No.  24CR0759-TWR

11              Plaintiff,                ORDER OF CRIMINAL
                                          FORFEITURE
12        v.

13   CAMBRIDGE INTERNATIONAL
     SYSTEMS, INC.
14
                 Defendant.
15

16       WHEREAS, in the Information the United States sought forfeiture of all right,

17   title and interest in property of Defendant CAMBRIDGE INTERNATIONAL

18   SYSTEMS, INC ("Defendant"), pursuant to Title 18, United States Code, Section

19   981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as property

20   constituting proceeds of the offense set forth in Count 1 in the violation of Title 18,

21   United States Code, Section 201(b)(1)(A) and (C), as charged in Count 1 in the

22   Information.

23       WHEREAS, on or about April 16, 2024, Defendant pled guilty before

24   Magistrate Judge Barbara Lynn Major to Count 1 of the Information, which included

25   consent to the forfeiture allegations of the Information, and consent to forfeiture of all

26   property seized in connection with the case, and consent to entry of a forfeiture

27   money judgment in the amount of $1,672,102.23 representing proceeds Defendant

28

1    received from the offense set forth in Count 1, which forfeiture shall be included and
2    incorporated as part of the judgment in this case; and

3         WHEREAS, Defendant agreed to make monthly payments on the judgment
4    starting no later than April 30, 2024, with an initial payment in an amount not less
5    than $50,000.   Attached to the plea agreement and forfeiture addendum is the
6    monthly agreed payment schedule (24CR00759 ECF NO. 6, page 32).

7         WHEREAS, on April **, 2024, this Court accepted the guilty plea of
8    Defendant; and

9         WHEREAS, by virtue of the admissions of the Defendant set out in the plea
10   agreement and guilty plea, the Court hereby finds that $1,672,102.23 represents the
11   amount of proceeds the Defendant obtained directly as a result of the offense set forth
12   in Count 1 to which Defendant pled guilty, 18 U.S.C. §§ 201 and 371, as charged in
13   the Information; and

14        WHEREAS, by virtue of said guilty plea and the Court's findings, the
15   United States is now entitled to an Order of Forfeiture in its favor against the
16   Defendant in the form of a forfeiture money judgment representing the amount of the
17   proceeds received by the Defendant in the amount of $1,672,102.23, pursuant to 18
18   U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal
19   Rules of Criminal Procedure; and

20        WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
21   addendum, the United States has established the requisite nexus between the
22   $1,672,102.23 forfeiture money judgment and the offense set forth in Count 1; and

23        WHEREAS, the Defendant has agreed that the provisions for the substitution
24   of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States
25   may take actions to collect the forfeiture money judgment in the event of any default
26   on the payment schedule for defendant's voluntary payment of the judgment; and

27
28

1    WHEREAS, the United States, having submitted the Order herein to the

2  Defendant through its attorney of record, to review, and no objections having been

3  received;

4    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

5    1.    Based on the guilty plea of the Defendant to Count 1 of the Information,

6  the United States is entitled to a forfeiture money judgment against Defendant in the

7  amount of $1,672,102.23 pursuant to Title 18 U.S.C. 981 (a)(1)(C) and Title 28

8  U.S.C. 2461(c), representing the proceeds Defendant received from the offense of

9  conviction set forth in Count 1, which forfeiture money judgment is in favor of the

10  United States against Defendant CAMBRIDGE INTERNATIONAL SYSTEMS,

11  INC, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28

12  U.S.C. § 1961; and

13    2.    This Court shall retain jurisdiction in the case for the purpose of

14  enforcing the order of forfeiture money judgment and collecting and enforcing it; and

15    3.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final

16  as to the Defendant at the time of sentencing and is part of the sentence and included

17  in the judgment; and

18    4.    Defendant is ordered to make all payments on the forfeiture money

19  judgment as set forth in the forfeiture addendum and plea agreement.  Defendant is

20  directed to make the $50,000 initial payment on or before April 30, 2024, and make

21  monthly payments thereafter for a period not to exceed 60 months.  Interest will

22  accrue on the judgment from the date of entry of this order.  Defendant may, at any

23  time, pay the entire remaining unpaid balance with any accrued interest,

24    5.    In the event of a default of the payment schedule set forth in the plea

25  agreement and forfeiture addendum, pursuant to Rule 32.2(b)(3) the United States

26  may, at any time, conduct discovery to identify, locate, or dispose of directly

27  forfeitable assets and substitute assets against which this Order of Forfeiture may be

28  enforced; and

1        6.    In the event of a default of the payment schedule set forth in the plea

2    agreement and forfeiture addendum, the United States may, at any time, move

3    pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property

4    having a value not to exceed $1,672,102.23 to satisfy the forfeiture money judgment

5    in whole or in part; and

6        7.    In the event of a default of the payment schedule set forth in the plea

7    agreement and forfeiture addendum, the United States may take any and all actions

8    available to it to collect and enforce the forfeiture money judgment.

9        8.    This order shall be incorporated and included as part of the judgment in

10   this case when Defendant is sentenced.

11       DATED: 4|25|24

12

13   Honorable Todd W. Robinson
     United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -                                    24CR00759